UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM G.,

      Plaintiff,

 v.

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

CASE NO. C19-5736-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1979.[1] He has a limited education and only unskilled past relevant work. (AR 29.)

Plaintiff filed an application for DIB in 2016 and SSI in 2018, alleging disability beginning March 23, 2011. (AR 13.) The applications were denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On April 10, 2018, ALJ S. Andrew Grace held a hearing, taking testimony from plaintiff and a vocational expert. (AR 51-96.) On July 24, 2018, the ALJ issued a decision finding plaintiff not disabled from March 23, 2011, through the date of the decision. (AR 13-30.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 10, 2019 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had the severe impairments of degenerative disc disease; status post cervical fractures and sprains; neurogenic headaches; carpal tunnel syndrome, status post surgical release; epicondylitis; major depressive disorder; generalized anxiety disorder; attention deficit hyperactivity disorder; and adjustment disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

light work except he can never crawl or climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or climb ramps or stairs. He can reach overhead occasionally, reach in other directions frequently, and handle frequently. He must avoid concentrated exposure to extreme temperatures, vibrations, and hazards. He can perform simple, routine, repetitive tasks consistent with unskilled work. With that assessment, the ALJ found plaintiff unable to perform any past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as an order caller, bottling line attendant, or document preparer.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in evaluating medical opinions, discounting his testimony,

and finding his impairments did not meet or equal a listed impairment. He requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### Medical Opinion Evidence

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). An ALJ must provide reasons for rejecting a medical opinion, but is not required to provide reasons not for accepting and interpreting a medical opinion. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

Mental Impairments

Plaintiff's treating therapist, Richard T. Kennedy, Psy.D., opined in December 2014 that plaintiff's "current symptoms may be potentially interfering at this time with his successfully returning to work or successfully participating in any retraining program." (AR 443.) The ALJ discounted Dr. Kennedy's opinion because plaintiff successfully completed a retraining program, and because Dr. Kennedy did not provide a function-by-function assessment. (AR 27.) Plaintiff

contends he needed substantial accommodations in order to complete the retraining. But plaintiff has not identified any mental accommodations he required, and thus has not established a need for any restriction beyond the RFC limitation to simple, routine, repetitive work. The ALJ did not err by discounting Dr. Kennedy's opinion as inconsistent with plaintiff's ability to complete a retraining program. The lack of functional limitations was an additional valid reason to discount Dr. Kennedy's opinions. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

Philip Gibson, Ph.D., examined plaintiff in August 2016 and opined he had no work-related psychiatric limitations. (AR 906.) The ALJ gave Dr. Gibson's opinion "partial weight," but imposed limitations to simple, routine, repetitive tasks. (AR 27, 18.) Plaintiff argues Dr. Kennedy's opinion better accords with the longitudinal record than Dr. Gibson's. Because the ALJ permissibly discounted Dr. Kennedy's opinion, however, it does not provide a reason to discount Dr. Gibson's opinion.

The ALJ did not err in addressing the opinions on mental impairments.

Physical Impairments

In April 2018 plaintiff's treating physician, Robert G.R. Lang, M.D., approved plaintiff for "modified duty" work and opined he could sit for three to four hours per day. (AR 979.) The ALJ accepted much of Dr. Lang's opinion but gave this portion limited weight because Dr. Lang provided no supporting explanation and related medical findings were mild. (AR 26.) Plaintiff does not appear to challenge the ALJ's reasoning, but argues that Dr. Lang's opinion did not incorporate the effects of plaintiff's mental impairments, or of headaches that cause "difficulty … in performing his activities of daily living." (Dkt. 11 at 10.) Headaches and mental impairments have no bearing on sitting limitations. Plaintiff has shown no error in the ALJ's handling of Dr.

Lang's opinion.

## Symptom Testimony

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p. [2]

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely consistent with the medical and other evidence in the record. The ALJ discounted plaintiff's testimony on the grounds that allegations of disabling limitations were inconsistent with his activities, including working, as well as the medical record.

Plaintiff contends the ALJ erred by discounting testimony that he has back problems, carpal tunnel problems with his hands, long-term and short-term memory impairment, mental health impairments, and three or four 45-minute headaches times per week. (Dkt. 11 at 13-14.) Plaintiff fails to establish any work-related limitations that the ALJ erred in excluding from the RFC. Plaintiff testified his back hurts if he sits longer than two hours, a limitation that is accommodated

---

[2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 6

by normal work breaks. (AR 70.) The ALJ properly discounted testimony of hand problems because in March 2016 plaintiff told a treatment provider he was "no longer having any carpal tunnel symptoms." (AR 633.) *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements are a clear and convincing reason to discount claimant's testimony). The ALJ properly discounted testimony of memory problems because objective testing documented "intact" immediate, recent, and remote memory. (AR 904-05.) *See Carmickle*, 533 F.3d at 1161 (contradiction with the medical record is a sufficient basis for rejecting claimant's subjective testimony). Plaintiff testified he was depressed due to not having a job or income; he did not testify to any work-related limitations due to depression or other mental impairments. (AR 75.)

As for other impairments, the ALJ reasonably discounted allegations that plaintiff's impairments render him incapable of work, because the record shows plaintiff performed work activities during the relevant period.[3] *See Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) (affirming denial of benefits where "substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time."). An April 2018 treatment note shows plaintiff was working as a mechanic. (AR 973.) At the April 2018 hearing, plaintiff testified he was working eight hours per day in a retraining program. (AR 76.) The ALJ reasonably concluded plaintiff was capable of full-time work.

The ALJ did not err by discounting plaintiff's testimony.

### Listings 12.04 and 12.06

At step three, the ALJ considers whether one or more of a claimant's impairments meet or

---

[3] Although the work was full time, the wages did not rise to the level of substantial gainful activity. (AR 16 ("Although the claimant performed work activities in connection with his Labor and Industries job retraining program, he did not earn wages consistent with substantial gainful activity levels.").)

ORDER
PAGE - 7

medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff contends his impairments satisfy the "paragraph B" criteria for listing 12.04 or 12.06 because he has marked limitations in two areas of functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. Plaintiff contends his cognitive impairments, headaches, anxiety, and depression together cause "marked" impairments in his ability to concentrate and maintain pace and his ability to understand, remember, and apply information. (Dkt. 11 at 7 (citing AR 427).) Plaintiff has been assessed with these conditions, but plaintiff points to no evidence in the record establishing they cause the marked limitations he asserts. Plaintiff simply posits a different interpretation of the record to support a step-three finding of equivalence. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599. Here, the ALJ's at least equally rational interpretation of the evidence will not be disturbed. The ALJ reasonably found plaintiff had "moderate" limitations in both of these functional areas but rejected further limitations because plaintiff was able to work as a mechanic and because objective medical evidence showed intact memory and concentration. (AR 17; AR 973, 904-05.)

The ALJ did not err by finding plaintiff's impairments did not meet or equal a listed impairment at step three.

## Step Five

Plaintiff contends error at step five based on an inaccurate RFC and incomplete hypothetical to the vocational expert. However, because the Court finds no error in the assessment

ORDER
PAGE - 8

of the medical evidence and assessed RFC and, therefore, the corresponding hypothetical to the vocational expert, this restating of plaintiff's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 6th day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge